IN THE UNITED STATES DISTRICT COURT
for the
DISTRICT OF VERMONT

| | |
|---|---|
| DANIEL ZIMMER,<br>    Plaintiff,<br><br>v.<br><br>UNIFUND CCR PARTNERS,<br>UNIFUND CCR, LLC,<br>PILOT RECEIVABLES,<br>BAUER, GRAVEL, FARNUM, and<br>JOHN J. BALKUNAS JR.<br><br>    Defendant. | Docket No. 1:14-cv-234 |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Unifund CCR Partners, Unifund CCR, LLC, Pilot Receivables Management, LLC (incorrectly sued as Pilot Receivables), Bauer Gravel Farnham (incorrectly sued as Bauer, Gravel, Farnum), and John J. Balkunas, Jr., move to dismiss Plaintiff Daniel Zimmer's Complaint as a matter of law. Mr. Zimmer previously filed a counterclaim in Vermont state court that was dismissed with prejudice. In this action, he asserts the same claims that were already dismissed with prejudice and the same issues he raised in his counterclaim. Accordingly, his claims are all barred by *res judicata* and collateral estoppel.

### SUMMARY OF FACTS

    **A.**    **Unifund CCR Partners Sued Mr. Zimmer to Collect His Delinquent Credit Card Account.**

On November 3, 2013, Unifund CCR Partners served Mr. Zimmer with a Summons and Complaint that it filed in the Vermont Superior Court, Windham Civil Division (the "State Court"), Docket No. 514-11-13 Wmcv (the "State Action"). *See* Complaint and Return of Service attached hereto as Exhibits 1 and 2. The Complaint alleged that Mr. Zimmer was



1

responsible for payment of the balance of a credit card account (the "Account") he obtained from Citibank, NA ("Citibank"), together with interest, attorney fees, and costs. *See* Exhibit 1 at 1. Due to clerical error, the State Action was initially filed in the name of Unifund CCR, LLC, but the Complaint was later amended to reflect the real party in interest, Unifund CCR Partners. *See* Motion to Amend Case Caption and Complaint, and Entry Order granting same, attached hereto as Exhibit 3.

As set forth in Exhibits B and C attached to Unifund's Complaint in the State Action, including the account data and certain monthly Account statements provided by Citibank, Mr. Zimmer opened the Account in February 2002, used the Account to make purchases, and made payments on the Account until December 2009. Mr. Zimmer's Account went into default, and, in June 2010, Citibank charged-off the Account. *See* Exhibit 1, Exs. B-C.

As set forth in Exhibit B attached to Unifund's Complaint in the State Action, Citibank sold the Account to Defendant Pilot Receivables Management, LLC ("Pilot") on June 18, 2012. As of June 1, 2013, Pilot assigned the collection rights for the Account to its affiliate, Defendant Unifund CCR, LLC, which, on the same date, assigned the collection rights to its affiliate, Defendant Unifund CCR Partners. *See* Exhibit 1, Ex. B. Unifund CCR Partners retained a law firm, Defendant Bauer Gravel Farnham, to collect the Account from Mr. Zimmer. Defendant John J. Balkunas, Jr., an attorney with Bauer Gravel Farnham, filed Unifund's Complaint. *See* Exhibit 1.

**B.     Mr. Zimmer Filed a Counterclaim in State Court.**

Mr. Zimmer, first appearing *pro se*, answered Unifund CCR Partners' Complaint, and denied the allegations. *See* Mr. Zimmer's Answer attached hereto as Exhibit 4. Mr. Zimmer also filed a counterclaim (the "Counterclaim") in which he asserted that Unifund violated the


Bauer Gravel Farnham
Colchester • North Hero
Montpelier

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") by (1) misrepresenting the amount of the debt, (2) falsely assigning interest on the debt, (3) failing to provide validation of the debt, and (4) failing to remove the debt from Mr. Zimmer's credit report.  *See* Counterclaim attached hereto as Exhibit 5.  In an abundance of caution notwithstanding the State Court's Entry Order attached as Exhibit 3, Unifund CCR Partners and Unifund CCR, LLC both answered the Counterclaim and denied Mr. Zimmer's allegations.  *See* Answers attached hereto as Exhibit 6.

In March 2014, Attorney C. Creek Kelsey (the same counsel representing Mr. Zimmer in the present action) entered an appearance for Mr. Zimmer in the State Action.  On May 5, 2014, through counsel, Mr. Zimmer filed an Amended Answer, but did not amend his Counterclaim.  *See* Letter from Attorney Kelsey and Amended Answer dated May 5, 2014, attached hereto as Exhibit 7.  The parties engaged in discovery and the State Court scheduled trial for November 3, 2014.

### C.    The State Court Dismissed Mr. Zimmer's Counterclaim, <u>With Prejudice</u>.

On October 31, 2014, three days before trial, Mr. Zimmer filed a motion to dismiss his Counterclaim without prejudice.  *See* Defendant's Motion to Dismiss Counterclaims attached hereto as Exhibit 8.  Mr. Zimmer cited his desire to remain near family rather than travel to prosecute his claims at the November 3, 2014 trial.  *See* Exhibit 8.

At trial, which commenced at 1:08 p.m. on November 3, the State Court immediately addressed Mr. Zimmer's Motion to Dismiss.  *See* excerpt of transcript of November 3, 2014 hearing attached hereto as Exhibit 9 at 3-4.  The State Court informed Attorney Kelsey that it would only grant dismissal with prejudice, not without prejudice.  *Id.* at 8-10.  Attorney Kelsey



agreed. *Id.* at 10. The State Court specifically noted in the record that it dismissed Mr. Zimmer's Counterclaims <u>with prejudice</u> before proceeding to trial on Unifund's claims. *Id.*

### D. Mr. Zimmer Now Asserts the Very Same Claims that the State Court Dismissed With Prejudice.

A short time later on November 3, 2014, at 2:42 p.m., Mr. Zimmer filed the present action in this Court after voluntarily dismissing his Counterclaim with prejudice in State Court. *See* time stamp on Plaintiff's November 3, 2014 Complaint, the first page of which is attached hereto as Exhibit 10. Mr. Zimmer raised in his Complaint the same claims dismissed with prejudice in the State Action. As in the State Action, Mr. Zimmer alleged that Unifund violated the FDCPA by (1) misrepresenting the amount of the debt (Complaint, ¶¶ 2, 26-28, claim for relief), (2) falsely assigning interest on the debt (*id.* at ¶¶ 2, 33-36, claim for relief), (3) failing to provide validation of the debt (*id.* at ¶¶ 2, 37-41, claim for relief), and (4) failing to remove the debt from Mr. Zimmer's credit report (*id.* at ¶2, claim for relief). Mr. Zimmer also asserted a claim for violation of the Vermont Consumer Fraud Act ("VCFA") based on the exact same underlying conduct. (*Id.* at ¶¶ 1-2.)

### MEMORANDUM OF LAW

Plaintiff's Complaint should be dismissed because he asserts the same claims and issues that the State Court dismissed with prejudice. Mr. Zimmer is precluded from asserting those claims and issues again in this action.

The Court may dismiss a complaint for failure to state a claim upon which relief may be granted where preclusion is raised as an affirmative defense "and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000). When considering the "preclusive effect of a state court judgment on a subsequent federal action," the

4

Court should "consult the preclusion laws of the state in which the judgment was issued." *Nestor v. Pratt & Whitney*, 466 F.3d 65, 71 (2d Cir. 2006) (citing *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984)).

Here, under Vermont law, Mr. Zimmer's claims asserted against all of the Defendants in this action are precluded by the doctrines of *res judicata* and collateral estoppel. Mr. Zimmer's Complaint should be dismissed in its entirety because his claims are barred as a matter of law.

**I.    *Res Judicata* Precludes Mr. Zimmer's Claims Because the State Court Dismissed With Prejudice the Identical Claims He Asserted in the State Action.**

**A.    The Court May Take Judicial Notice of the Pleadings in the State Action Because They Are Public Records That Are Integral to Mr. Zimmer's Complaint.**

The docket in the State Action demonstrates that Mr. Zimmer asserts the same claims here that were dismissed with prejudice in the State Action. This Court may rely on the docket in the State Action when deciding a motion to dismiss under Civ. R. 12(b)(6). Rule 201 of the Federal Rules of Evidence allows the Court to take judicial notice of adjudicative facts that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of public records, especially where a complaint "relies heavily" on them, rendering the records "integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2001).

Indeed, as a matter of course, courts "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. N.Y. 2012); *see also Rothstein v. Balboa Ins. Co.*, No. 14-1112, 2014 U.S. App. LEXIS 16567, at *1-*2 (2d Cir. June 25, 2014) (taking judicial notice of another complaint as a "public record"); *Rothman v. Gregor*, 220 F.3d 81, 92

(2d Cir. 2000) ("Pursuant to Fed. R. Evid. 201(b), we take judicial notice of the Midway complaint as a public record.").

The documents attached to this Motion are all a matter of public record -- they were filed and incorporated into the docket of the State Action. Mr. Zimmer's Complaint relies heavily on such documents, especially the complaint Unifund CCR Partners filed. Accordingly, the Court may take judicial notice of the State Court pleadings in considering whether to dismiss Mr. Zimmer's Complaint for having asserted the very same claims at issue in the State Action.

> **B.    Mr. Zimmer's Dismissal of His Counterclaim With Prejudice Precludes Re-litigation of the Same Claims Against Unifund CCR Partners, Unifund CCR, LLC, and Pilot.**

Mr. Zimmer's claims are barred by *res judicata*. In Vermont, "res judicata bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Lamb v. Geovjian*, 683 A.2d 731, 734 (Vt. 1996) (internal quotations omitted). Claims need not have actually been litigated in the earlier action because "res judicata bars parties from litigating claims or causes of action that were or should have been raised in previous litigation." *Id.* at 734 (internal quotations omitted). Dismissal of the previous action with prejudice is an adjudication on the merits and subjects the subsequent claims to *res judicata*. *Barre v. Orange*, 430 A.2d 444, 446 (Vt. 1981); *see also Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991). As discussed below, that is what happened here.

> **1.   All of Mr. Zimmer's Claims Against Unifund CCR Partners Are Precluded Because They Arise From the Same Transaction or Occurrence.**

Where a prior action is dismissed with prejudice, *res judicata* applies "not only as to the matters actually litigated in the previous action, 'but as to all relevant issues which could have



been but were not raised and litigated in the suit.'" *Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986)). Vermont adopted the "transaction" approach of the Restatement (Second) of Judgments, which precludes "a second lawsuit arising out of the same transaction as a prior lawsuit even where the second action will include 'evidence or grounds or theories of the case not presented in the first action, or . . . remedies or forms of relief not demanded in the first action.'" *Faulkner v. Caledonia County Fair Ass'n*, 869 A.2d 103, 109 (Vt. 2004). Accordingly, Mr. Zimmer's FDCPA claim that he asserted in the Counterclaim, and his VCFA claim that he could have asserted in the Counterclaim based on the exact same conduct, are barred from being litigated again here.

Mr. Zimmer alleged in his Counterclaim that the original State Court plaintiff, Unifund CCR, LLC, violated the FDCPA by (1) misrepresenting the amount of the debt, (2) falsely assigning interest on the debt, (3) failing to provide validation of the debt, and (4) failing to remove the debt from Mr. Zimmer's credit report. *See* Exhibit 5. The real party in interest, Unifund CCR Partners, was later substituted for Unifund CCR, LLC, and both Unifund entities answered the Counterclaim. *See* Exhibit 3.

The Court then granted Mr. Zimmer leave to amend his Counterclaim, but he chose not to do so even though he retained counsel and filed an Amended Answer. *See* Exhibit 7. Moreover, Mr. Zimmer could have, but did not, assert a violation of the VCFA based on the same conduct that he alleged to have violated the FDCPA. At trial, an hour and a half before Mr. Zimmer filed this action, he agreed to have the State Court dismiss his Counterclaim <u>with prejudice</u>, which the State Court immediately ordered. *See* Exhibit 8, and Exhibit 9 at 10.

Here, however, Mr. Zimmer asserts the identical claims under the FDCPA that he asserted against Unifund CCR Partners in the Counterclaim. Mr. Zimmer again alleges that



7

Unifund CCR Partners (and all Defendants) violated the FDCPA by (1) misrepresenting the amount of the debt (Complaint, ¶¶ 2, 26-28, claim for relief), (2) falsely assigning interest on the debt (*id.* at ¶¶ 2, 33-36, claim for relief), (3) failing to provide validation of the debt (*id.* at ¶¶ 2, 37-41, claim for relief), and (4) failing to remove the debt from Mr. Zimmer's credit report (*id.* at ¶2, claim for relief). Under Vermont law, dismissal of the Counterclaim with prejudice was a final adjudication on the merits of Mr. Zimmer's FDCPA claims against Unifund CCR Partners. The present claims are identical to those asserted in the Counterclaim, and are therefore precluded as a matter of law.

Moreover, Mr. Zimmer also now alleges violation of the VCFA <u>based on the same conduct</u> forming the predicate of the FDCPA claims asserted against Unifund CCR Partners. He did not plead any additional facts to support his VCFA claims. Instead, Mr. Zimmer simply alleged that Unifund CCR Partners violated the VCFA for the same reasons that it violated the FDCPA. (Complaint, ¶¶ 1-2.) He could have asserted the VCFA claims in his Counterclaim but did not. Therefore, as with the FDCPA claims, Mr. Zimmer is precluded from pursuing his VCFA claims in the present action. The Court should dismiss Mr. Zimmer's Complaint against Unifund CCR Partners.

        2.      **Mr. Zimmer's Claims Against Unifund CCR, LLC and Pilot Are Precluded Because Those Entities Represent the Same Interest and Are Thus In Privity with Unifund CCR Partners.**

Mr. Zimmer's claims against Unifund CCR, LLC and Pilot are barred because, as to the Account, those entities are in privity with Unifund CCR Partners. Under Vermont law, *res judicata* precludes subsequent litigation against different parties if the parties were in privity during the first action. "The test for privity, for the purposes of *res judicata*, is whether the parties have really and substantially the same interest in the property in issue." *First Wis.*



8

*Mortgage Trust v. Wyman's*, 428 A.2d 1119, 1124 (Vt. 1981). In general, "a privity relationship . . . involves a party so identified in interest with the other party that they represent one single legal right." *Bain v. Hofmann*, 993 A.2d 432, 436 (Vt. 2010) (quoting *Lamb*, 683 A.2d at 734).

As shown above, Pilot purchased the Account from Citibank and assigned the Account for collection purposes to its affiliate Unifund CCR, LLC, which immediately assigned the Account for collection purposes to another affiliate, Unifund CCR Partners. Accordingly, as a matter of law, Pilot holds equitable title to the Account, and Unifund CCR Partners holds the legal right to collect the Account as an assignee – the same legal right Unifund CCR, LLC briefly held before assigning its rights to Unifund CCR Partners. *See Unifund CCR Partners v. Shah*, 946 N.E.2d 885 (Ill. Ct. App. Feb. 1, 2011) (explaining that the owner of an account may lawfully transfer only its legal title to an assignee for purposes of collection, and still retain equitable title); *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 128 S. Ct. 2531, 171 L. Ed. 2d 424 (2008) (explaining the history of assignments for collection and the legal/equitable title dichotomy).

Unifund CCR Partners, therefore, holds the sole legal right to collect the Account. Pilot simply has an equitable right to a share of the proceeds collected by Unifund CCR Partners by virtue of its assignment. Likewise, to the extent Unifund CCR, LLC retains any rights, such rights are subject to Unifund CCR Partners' legal right to collect the Account. Accordingly, in the State Action, Pilot, Unifund CCR, LLC, and Unifund CCR Partners had the very same interests as to the Account and were in privity. Unifund CCR Partners had the right to seek collection for all entities. Mr. Zimmer's Complaint should therefore be dismissed against Unifund CCR, LLC and Pilot under the doctrine of *res judicata*.



9

II.     **The Doctrine of Collateral Estoppel Precludes Mr. Zimmer from Litigating the Identical Issues He Raised and Had the Full Opportunity to Litigate in the Counterclaim.**

As an additional ground for relief, Mr. Zimmer should not be allowed to re-litigate the same issues he asserted in the Counterclaim. In Vermont, the doctrine of collateral estoppel precludes a party from re-litigating the same issue in a subsequent action if (1) he was a party in the previous action, (2) "the issue was resolved by a final judgment on the merits," (3) "the issue is the same as the one raised in the later action," (4) the party had "full and fair opportunity to litigate the issue in the earlier action," and (5) preclusion in the subsequent action is "fair." *Trepanier v. Getting Organized*, 583 A.2d 583, 587 (Vt. 1990). A dismissal with prejudice acts as a final adjudication on the merits. *Orange*, 430 A.2d at 446.

Likewise, in determining fairness and whether a party had opportunity to litigate, the court may consider "the type of issue preclusion, the choice of forum, the incentive to litigate, the foreseeability of future litigation, the legal standards and burdens employed in each action, the procedural opportunities available in each forum, and the existence of inconsistent determinations of the same issue in separate prior cases." *Trepanier*, 583 A.2d at 587.

As explained in detail above, Mr. Zimmer alleged the exact same issues in the Counterclaim as he alleges here, down to the precise sections of the FDCPA he asserts to have been violated. However, he voluntarily dismissed his claims, including all such issues, with prejudice. That is a final judgment on the merits. Mr. Zimmer had every incentive to litigate the issues in the State Action, which proceeded to trial on the day he dismissed his Counterclaim. Future litigation was not only foreseeable, but it was apparently pre-ordained, as <u>Mr. Zimmer filed this action just an hour and a half after dismissing his Counterclaim with prejudice in State Court.</u>



Bauer Gravel Farnham
Colchester • North Hero
Montpelier

10

Moreover, Mr. Zimmer was afforded the benefit of the same procedural opportunities in state court as he is in federal court, where the same legal standards apply to the substantive issues regardless of the forum.  Allowing Mr. Zimmer to proceed with the present action would unfairly expose Defendants to liability and inconsistent judgments because the Counterclaim and the issues and allegations it raised were and should be conclusively resolved by Mr. Zimmer's dismissal with prejudice.  Mr. Zimmer should not be given the opportunity to take two bites at the apple by raising the same issues in this Court that he dismissed with prejudice in State Court.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Mr. Zimmer's Complaint with prejudice.

DATED at Colchester, Vermont, this 18th day of March, 2015.

UNIFUND CCR, LLC
UNIFUND CCR PARTNERS
PILOT RECEIVABLES
BAUER GRAVEL FARNHAM
JOHN J. BALKUNAS, JR.

By: _/s/ Nicole A. Killoran_____

Nicole A. Killoran, Esq.
Thomas C. Nuovo, Esq.
Bauer Gravel Farnham
401 Water Tower Circle, Suite 101
Colchester, VT 05446
802/863-5538
nkilloran@vtlawoffices.com
