UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 JUL 24  PM 5: 00

CLERK

BY_____
DEPUTY CLERK

DANIEL ZIMMER

v.

UNIFUND CCR PARTNERS,
UNIFUND CCR, LLC,
PILOT RECEIVABLES
BAUER, GRAVEL, FARNUM
JOHN J. BALKUNAS JR.

JURY TRIAL DEMANDED

CASE NO.  114-cv-234

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

NOW COMES, Plaintiff, Daniel Zimmer, by and through undersigned counsel and hereby files this Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint[1] against all Defendants pursuant to Fed. R. Civ. P. 12(b)(6) and accompanying Memorandum of Law.  Plaintiff's claims for violation of the Fair Debt Collection Practices Act ("FDCPA") and the Vermont Consumer Protection Act ("VCPA") are not precluded by the Trial Court's dismissal of his ProSe FDCPA counter-claims because there is no overlap between the Zimmer Complaint allegations and the Pro Se Counterclaims as to dates of violations, acts of violation, actors who violated  --as a simple review of the first page of both shows.

The FDCPA has a one year statute of limitations.  Zimmer Complaint FDCPA claims were filed November 3, 2014, a year after the Pro Se 2013 Counterclaims file date of November 13, 2013.  They each allege FDCPA violations for the year prior to filing; there is no overlap. The violations alleged in Zimmer 2014 Complaint had not even occurred when the Pro Se Counterclaims were filed.     The Pro Se 2013 Counterclaims were asserted against only UNI-LLC for its specific acts.  The Zimmer Complaint is brought against all five Defendants , for the

---

[1] "Zimmer 2014 Complaint" or "Zimmer Complaint, [ZC]"  hereafter.

1

year prior to filing.  Zimmer 2014 Complaint, by obvious contrast, was filed a year *after* convers

the violative behavior of all five Defendants for the year *after* that.  The Zimmer Complaint

violative behavior had not even occurred when Mr. Zimmer filed his pro se counterclaims.

Preclusion does not lie and Defendants' Motion to Dismiss based thereon should be

dismissed.

Statement of Facts

Under the Federal Rules of Civil Procedure, a complaint's allegations need only to set

forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2).   A complaint must "include sufficient facts 'to state a claim for relief that

is plausible on its face.' " *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th

Cir.2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir.2009)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009)

Mr. Zimmer provides the facts below to reiterate and provide detail for the more than

adequate facts presented in Zimmer Complaint -and to controvert the facts provided by

Defendants which conflict completely with the Trial Court's findings of fact in its Merits

Decision ["Merits" hereafter] and its Denial of Motion to Reconsider ["Denial" hereafter] in

*Unifund CCR Partners v Zimmer* 514-11-13 Wmcv dated January 29, 2015 and March 13, 2015

respectively.  The merits hearing was conducted on November 3, 2014 for one half day and on

December 17, 2014 for the final half day.

2

On or about  November 3, 2013[2] Unifund CCR, LLC[3], *not* Unifund CCR Partners  as Defendants' factually assert, served a complaint ("Original Complaint" hereafter) upon Mr. Zimmer for collection on a Citibank, AT&T credit card account that spanned the years of 2002 through 2009. See, Plaintiff's Federal Complaint, hereafter "Zimmer Complaint" (or ZC) at ¶ 10. Defendants' EXH 1.

Mr. Zimmer filed a pro se answer and counter-claims on or about November 13, 2013.

Mr. Zimmer's pro se answer stated that he had never had any contact with UNI-LLC until October 25, 2013 which was the Original Complaint was signed by Defendant Balkunas. Defendants' EXH. 4

Mr. Zimmer's pro se counter-claims, rather unskillfully drafted and reciting every section of the FDCPA and something he denominated as the FDCRA, specifically named only UNI-LLC and specifically described only misbehavior by UNI-LLC that had occurred between late-November, 2012 and October 25, 2013 -- a year before filing of the Zimmer Complaint herein. See Defendants' EXH  5.

The pro se counterclaims related to UNI-LLC's misconduct related to misreporting information to credit reporting agencies on the eve of his approval on his first mortgage late in 2002. [4]

---

[2] The dates, unfortunately, throughout the Superior Court action are easy to confuse.  Many things, coincidentally, occurred almost exactly to the day a year apart --ie, Original Complaint was served Nov. 3, 2013, first Merits hearing was Nov. 3, 2014.  Zimmer Complaint was filed Nov. 3, 2014.

[3] Zimmer Complaint refered to Unifund CCR, LLC  as "UNI-CCR" but herein it will be referenced as UNI-LLC or LLC to differentiate from Defendant Unifund CCR Partners ("Partners", hearafter).

[4] As further discussed *infra* Defendants have included Exhibits in their Motion that are completely outside the 12(b)(6) purview but for clarity here --and because the Defendants' have not accurately presented what the pro se counter claims actually said-- Plaintiff will reference those exhibits.

He stated that (1) UNI-LLC had failed to "contact [him] directly, in any way regarding such a debt (until the time I sought a mortgage for my family)."

Defendant Partners, by contrast, had contacted him directly through the mail in letters that were violative of the FDCPA and VCPA, as had Pilot Receivables Management ("Pilot" hereafter) ZC ¶2, 27.

The pro se counterclaims further stated (2) UNI-LLC "misrepresentd the actual amount of this debt; falsely assigning interest on this debt…"

UNI-LLC furnished information to the credit reporting bureaus which appeared on Mr. Zimmer's November, 2012 credit report and indicated that the $2453.22 debt which was acquired from Citibank was actually, just six months' later, about $4600.

The pro se counter-claims further stated (3) UNI-LLC failed to validate said debt and did not remove it from his credit report under the law of "FDCRA".

UNI-LLC had caused Defendants Bauer Gravel and John Balkunas to send a dunning letter to Mr. Zimmer on July 8, 2013 to which he replied asking for validation but received no response whatsoever.  His next contact from UNI-LLC was the serving (and then filing) of the Original Complaint without ever verifying. ZC ¶2, 37-41.

Pilot and Partners, by contrast had, in an exchange of letters with Mr. Zimmer in December of 2012, replied to Mr. Zimmer's request for validation by sending him a bit of information on the original creditor (Citibank), the amount owed enormously inflated and inaccurate (@ $4600).  ZC ¶2, 27.

The pro se counter-claims further stated (4) UNI-LLC damaged his credit score, adversely affect his ability to obtain credit and specifically interfered with his ability to obtain a mortgage.  That event occurred at the time of the actual reporting near the end of 2012.  To the

4

extent that is overlap in Zimmer Complaint it is pursued under the Vermont Consumer Protection Act which has a 6 year statute of limitations.

On May 5, 2014, many months after the Complaints had been filed, Mr. Zimmer obtained counsel and filed his Amended Answer. He did not amend his counter-claims; UNI-LLC was no longer a party to the suit and any "amending" was not effectively possible.

He chose not to "amend" because it would mean, in effect, asserting different counter-claims based on the similar but different actions of an admittedly different party.

On November 3, 2014 prior to start of first Merits Hearing, Superior Court heard Mr. Zimmer's voluntary motion to dismiss his counter-claims without prejudice. The Court stated that dismissal without prejudice "was not an option" and dismissed with prejudice in the interests of "judicial economy." At the point in time that the Superior Court granted UNI-LLC's Motion to Amend Complaint and UNI-LLC was dismissed, the Superior Court abandoned jurisdiction over UNI-LLC.

The pro se counter claims were never asserted against Partners the only party remaining in the suit at the time of State Court's dismissal, nor were they factually applicable as noted above.

None of the pro se counter-claims violative behavior is recited again in the Zimmer Complaint.

### Zimmer Complaint - Violations of FDCPA and VCPA by All Defendants

Zimmer Complaint was filed Monday November 3, 2014. By operation of statute all FDCPA claims are circumscribed by one year statute of limitations. The FDCPA violations in the Zimmer Complaint date from the year prior to its filing, that is from November 4, 2013 to

November 3, 2014.  That is a full year after the misbehaviors alleged in the pro se counter-claims.

### Zimmer Complaint - General Allegations at ¶ 2 -

Failure to validate the debt in various collection letters to Mr. Zimmer sent by Partners on behalf of Pilot, authored by Attorney John Balkunas of Bauer Gravel.  Those letters did not provide sufficient validation required by 15 U.S.C. §1692g and violate VCPA as well.

Filing of State Collection lawsuit Complaints with misrepresentations and false documents, discussed below in more detail.  The Original Complaint and Amended Complaint sought unlawfully computed statutory interest, attorneys' fees, alleged ownership when UNI-LLC facially never owned the debt and Partners final assignment was fatally flawed as found by the State Court, attached documents that were facially inapplicable such as an admittedly inapplicable assignment and Citibank credit card agreement, alleged (and pursued) claim for breach of terms of the inapplicable credit card agreement when there were missing terms therein.

Partners, on eve of (and at) the Merits withdrew the 1998-dated credit card agreement (for the 2002-2009 Account) and the final, fatally-flawed assignment.  Very tellingly, Defendants' Motion to Dismiss again attaches the 1998 Citibank credit card agreement and the assignment they withdrew -or attempted to- at the first Merits hearing.  The withdrawn documents were explained away as "inadvertent clerical error by counsel."

### Zimmer Complaint Specifics

### State Court Complaint Was False, Deceptive Or Misleading
(ZC Pg.3-6, ¶ 16-36)

### UNI-LLC, Bauer Gravel, John Balkunas:
### Original Complaint - False, Deceptive or Misleading Complaints[5]

UNI-LLC through counsel, filed Original Complaint on November 11, 2013 when, only six months' previously it had assigned it to Partners.  It filed suit without having any good faith claim to ownership and that was clear from the documents annexed to Original Complaint which received no meaningful review by Defendant Balkunas before filing the Original Complaint and filing the Motion to Amend, as well.

UNI-LLC through counsel, filed Motion to Amend in favor of Partners as proper party in interest on December 10, 2013 and transferred same exhibits described generally above and more specifically below -exhibits which facially did not apply at all, ever.

### UNI-LLC, Partners, Bauer Gravel, John Balkunas:

The Original Complaint and the Amended Complaint are identical in all respects, except for the caption.  (Together the "Complaints")

The Complaints averred that Citibank had assigned the Account to UNI-LLC (and Partners).  But actually Citibank had sold "Accounts" to Pilot who then assigned "Receivables" (with no reference to Citibank or to "Accounts" with which those Receivables were associated) to UNI-LLC who then assigned same to Partners.

---

[5] "A valid FDCPA claim exists if a defendant makes a false or misleading statement relating to the collection of a debt whether the statement was made in a state court complaint or during the state court litigation." *St. John,* 2014 WL 3377354, at *3. *Grant-Hall v. Cavalry Portfolio Serv., LLC,* 856 F.Supp 2d 929, 944 *N.D. Ill 2012 (The filing of a legally defective debt collection suit can violate Section 1692e where the filing falsely implies that the debt collector has legal recourse to collect the debt.")  *See also, Riley v Portfolio Recovery Associates, et al.,* 2015 WL 1594298, Dist. Court, ND Illinois, 2015 ("Riley's claim is not based on the *outcome* of the State Court Action or any alleged violation...[it] is based on [debt-buyers'] false representations concerning the $35,173.09 debt throughout the State Court Action.")

The Complaints averred that "all rights" connected to the Account had been assigned to UNI-LLC/Partners even though the assignments stated that Pilot and UNI-LLC, as assignors "retained title and ownership" of the Receivables in themselves.

The Complaints averred that "copies of agreements between the parties [were] attached [there]to" There were no agreements between Mr. Zimmer and Partners attached.

The Complaints averred that assignments "with *unique identifying information for the subject account"* were attached. The "assignment documents" are described at ZC ¶21-25 and are the same that Defendants' have again attached here in EXH 1's, ExhB.

There is virtually no information on those assignments -a reference to "Accounts" in the Bill of Sale, and then a reference to "Receivables" in the other two assignments. There is not enough to even connect the latter two assignments to the Bill of Sale.[6]

The Complaints recited different amounts due based on adding in of statutory interest from June, 2010 the date of charge off. Citibank owned it for two more years after June, 2010. Then Pilot owned it for another year before UNI-LLC or Partners, whose assignments were dated June, 2013, came into the picture. Citibank had not billed-for or tried to collect interest during that time.[7]

Complaints unlawfully demanded attorneys' fees based on a generic 1998 credit contract that pre-dated the inception of the Account by four years.

---

[6] So, "un-unique" are the assignments that, when UNI-LLC produced hundreds and hundreds of pages of discovery responses on or about October 15, 2014 (two weeks before trial), it produced an entirely different -but similarly worded-assignment than the one attached to the Complaints but with different signatories. ZC ¶25. And no one knew about the two different assignments until Mr. Zimmer confronted the UNI-LLC witness (appearing on behalf of Partners) with them on the stand and she could not explain. Nor was there 'unique identifying information' such that she, the purported "qualified" authenticating witness, could tell which of the two applied.

[7] 15 U.S.C. § 1637(b); 12 C.F.R. s226.5(b)(2)(i) - in the absence of the original creditor not billing/collecting fees, it was unlawful for UNI-LLC or Partners to so attempt. Seeking interest that is not allowed by aw violates the 15 U.S.C. 1692f *Martinez v. Albuquerque Collection Services,* 867 F.Supp. 1495, 1509 (D.N.M. 1994).

The generic 2002 credit contract submitted at the final Merits hearing --and the 1998 one-- were both incomplete.  The first line of each states that it is only a partial agreement and that another document containing interest rates, fees and other material terms would form the full agreement.

### UNI-LLC,   Bauer Gravel, John Balkunas, Pilot - VCPA

UNI-LLC through counsel caused a dunning letter dated July 8, 2013 to be written to Mr. Zimmer.  ZC ¶37-41.  The letter did not name the proper creditor as of that date, Partners.  It misrepresented that UNI-LLC was the owner of the debt.  It failed to clearly reveal the amount of the debt, whether or not interest was being charged and/or the amount of that interest, demanded payment and a response shorter than that provided under 15 U.S.C. 1692g, contained an unlawful threat on suit misleading Mr. Zimmer as to the consequences of legal action undertaken by UNI-LLC.[8]

There is no conceivable basis for preclusion of any FDCPA or VCPA claims or issues against any of the Defendants under the circumstances of this case.  All of Defendants' arguments as to preclusion  -and concomitant, legally inaccurate and  irrelevant, arguments for

---

[8] "When a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest accuring and informs the consumer of the applicable interest rate. *Jones v. Midland Funding, LLC*, 755 F.Supp. 2d 393 397 (D. Conn. 2010).   Failure to name the real creditor is a per se violation of 15 U.S.C. §1692g(a)(2)

privity-- are predicated on the grossly erroneous initial premise that the FDCPA violations alleged in the Pro Se 2013 Counterclaims and the those alleged in the Zimmer 2014 Complaint are for the same acts, during the same time period, by the same actors. They are not. Defendants herein simply continued to engage in unlawful conduct in connection with trying to collect a debt after the Pro Se 2013 Counterclaims, as they did before. And that is clear from the face of the Zimmer Complaint.

## SUMMARY OF ARGUMENT

As a factual matter, Mr. Zimmer certainly does not, as Defendants allege "assert[] the same claims … and issues" herein as he did in his ProSe 2013 Counterclaims. He asserts new violations for each Defendant's misdeeds that post-date those in his ProSe 2013 Counterclaims. They may appear to *Defendants* to be the same --and-they certainly do implicate the exact same sections of the FDCPA-- but Defendants' confusion is because, as further discussed below and alleged in Zimmer Complaint, they fail to understand what violates the FDCPA, and thus failed to cease their litigation misconduct, their intentional misrepresentations, unfair and deceptive acts of collection and knowing pursuit of (as the State Court found) the wrong person. And it is for those violations, stemming mostly from the "substitution" of Partners for UNI-LLC and acts thereafter, that Mr. Zimmer seeks redress under his FDCPA claims here.

## MEMORANDUM OF LAW

### Neither Res Judicata nor Collateral Estoppel
### Preclude Mr. Zimmer's Federal Claims.

### The Court May Take Judicial Notice of Those Pleadings Properly Before It

Under the Federal Rules of Civil Procedure, a complaint's allegations need only to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).   A complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.' " *Cole v. Milwaukee Area Tech. Coll. Dist.,* 634 F.3d 901, 903 (7th Cir.2011) (quoting *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir.2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

"If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO,* 765 F.3d at 1004 (citing *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) .)  For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters **properly subject** to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998–99 (9th Cir. 2010). *Flores v. Collection Consultants of California*, No. SACV140771DOCRNBX, 2015 WL 4254032, at *3 (C.D. Cal. Mar. 20, 2015) Emphasis added.

In the context of a Rule 12(b)(6) motion based on affirmative defense, as here, judicial notice of materials outside the complaint is only proper where the complaint necessarily relies on same.  A court may consider evidence on which the "complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir.2006) (quoting *Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.1994)). The court may "treat such a document as 'part of the complaint, and thus may

assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).' " *Id.* (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003)).

Thus this Court may not take judicial notice of Defendants extensive selection from the 'docket'particularly those authored by advocates for either adversarial party. Defendants' "facts" are not judicially noticeable within Evid. Rule 201. "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." Int'l Star Class Yacht Racing Ass'n, 146 F.3d 3d 66, 70 (2d Cir. 1998). "Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b)" Id. A court cannot take judicial notice of facts established in litigation, Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992), as distinct from notice whether a given pleading was filed.

The only additional documents on which Zimmer's Complaint relies is the Amended Complaint which duplicates the Original Complaint. Defendants have noted that the Zimmer Complaint "relies heavily on…the complaint filed by Unifund CCR Partners."

Defendants encouraged this Court to take judicial notice thereof and Plaintiff concurs because as discussed above, both the Complaint and the Amended Complaint were filed and pursued after the time period covered by the Pro Se Counterclaims and date on which same were filed. At the point in time that the Superior Court granted UNI-LLC's Motion to Amend Complaint and UNI-LLC was dismissed, the Superior Court abandoned jurisdiction over UNI-LLC.

### Neither Claim nor Issue Preclusion Lie in This Case

Where a party seeks preclusion, it bears the burden of "demonstrating the identity of the issues in the present litigation and the prior determination." Kaufman v. Eli Lilly & Co., 65 N.Y.2d

449, 456, 482 N.E.2d 63, 67 (1985). <u>See also Evans v. Ottimo</u>, 469 F.3d 278, 281-82 (2d Cir. 2006); <u>In re Bressler</u>, 387 B.R. 446, 455 (Bankr. S.D.N.Y. 2008) ("As the party seeking the benefit of collateral estoppel, Strum has the burden to demonstrate that the decisive issue was resolved in a prior action involving Bressler.")

Res judicata should only be raised in the context of a Rule 12(b)(6) motion when the preclusive effect of the prior action can be determined from the face of the complaint." Steinberg v. Alpha Fifth Group, 2008 WL 906270 (S.D.Fla.,2008).

Generally, a party cannot base a 12(b)(6) motion on res judicata. That doctrine must be pleaded as an affirmative defense. 5 Wright and Miller, Federal Practice and Procedure: Civil P 1357, at 604-610 (1st ed. 1969). Relying on *Conopco Inc v. Roll International Paramount Farms Inc.*, 231 F. 3d 82, 86-86, the Defendant recited as much, saying "The Court may dismiss a complaint . . . where preclusion is raised as an affirmative defense," Defendant's Motion, page 4, and then goes on to argue preclusion to support a Motion under Federal Rule 12(b)(6).

Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2009); *see also ASARCO, LLC v. Union Pac. R. Co.,* 765 F.3d 999, 1004 (9th Cir. 2014). "If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO,* 765 F.3d at 1004 (citing *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998–99 (9th Cir. 2010).

<u>Flores v. Collection Consultants of California</u>, No. SACV140771DOCRNBX, 2015 WL 4254032, at *3 (C.D. Cal. Mar. 20, 2015)

In Vermont, to avail themselves of res judicata the Defendants must show that there is a final judgment in which the parties, the subject and causes of action are identical or substantially identical. *Lamb v Geovjian*, 683 A.2d 731, 724 (Vt.1996).

As presented above in the factual recitation it is clear that Mr. Zimmer's claims against each Defendant herein, are not identical to anything raised in the Pro Se Counter-claims.

The FDCPA only has a one year 'shelf-life.' 15 U.S.C. §1692k.. By operation of statute there can be no overlap between the November 2014 Zimmer Complaint and the November 2013 ProSe Counterclaims which covered violations for the year previous to that.. Moreover, the ProSe 2013 Counterclaims were filed only against UNI-LLC for its specific FDCPA violations that occurred during the previous year. The Zimmer Complaint FDCPA violations (as Defendants themselves note), stem primarily from the Complaints filed on November 11, 2012 and December 10, 2013, respectively. Defendants' Memorandum of Law, Pg. 3, first full paragraph and Defendants' Exh. 3.

He does not seek to resurrect the prejudicially dismissed counterclaims nor obtain relief from this Federal Court for a State Court act. Facially it is clear that there is no overlap or reassertion of the same claims here with those stated in the counterclaim. Thus there can be no preclusion.

Defendants' Motion to Dismiss, at best, is baseless. Given that a simple review of the dates involved and/or the extinguishing effect of the FDCPA's one year statute of limitations, it borders on the frivolous and warrants dismissal by this Court.

## FDCPA COUNTER CLAIMS ARE PERMISSIVE, NOT COMPULSORY

Mr. Zimmer chose not to "amend" his ProSe Counterclaims after securing counsel because, as a practical matter, there was nothing to amend. The claims factually related only to UNI-LLC who was no longer a party when counsel was retained. So if he "amended" the counterclaims he would, in effect, really be bringing new ones against an admittedly new party.     Counterclaims under the FDCPA are not compulsory. In fact, Partners itself, through the same counsel as appearing herein *pro hac vice,* quite successfully argued that well-established position in a recent case.[9] So, Mr. Zimmer chose to bring his FDCPA claims and his supplemental jurisdiction Vermont Consumer Protection Act claims in a Federal forum as is his right. To the extent that any facts in Zimmer Complaint allege acts further back in time than one year by any Defendant, they are brought under the VCPA which has a six year statute of limitations.

A compulsory counterclaim "arises out of the transaction or occurrence that is the *subject matter* of the opposing party's claim. (E.g. Fed.R.Civ. P. 13(a)) Virtually all courts that have considered the issue have found that an FDCPA claim is not a compulsory counterclaim in a debt collection suite. *See, e.g., Cowan v Palisades Collection Inc., 2007 U.S. Dist.* LEXIS 44706 (C.D. Cal. June 19, 2007); *Clabault v. Shodeen Mgmt,* 2006 WL 87600) (N.D. Ill. Jan 6, 2006); *Todd v. Weltman, Weinberg & Reis, Co., LPA ,* 348 F.Supp. 2d 903 (S.D. Ohio 2004) (FDCPA case was based on false representations to state court, not the substance of underlying state court ruling.) *aff'd on other grounds*, 434 F.3d 432 (6th Cir. 2006). *Ekinici GNOC Corp.,* 2002 WL 31956011 (E.D.N.Y. Dec. 31, 2001); *Egge v. Healthspan Serv. Co.,* 115 F.Supp. 2d 1126 (D. Minn. 2000); *Walton v. Franklin Collection Agency, Inc.,* 1999 U>S> Dist. LEXIS 7523 (N.D. Miss. May 5, 1999); *Azar v Hayter,* 874 F.Supp. 1314 (N.D. Fla., 1995( *aff'd without op.,* 66 F.3d 342 (1th Cir. 1995); *Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.,* 387 F. Supp. 2d 752 (W.D. Mich. 2005) (FDCPA claims not barred by collateral).

---

[9] *Unifund CCR Partners v Young,*

In *Unifund CCR Partners v Young,* 2013 Ohio 4322, the same Defendant as herein under representation by the same counsel appearing here in *pro hac vice,* in Citibank credit card case, very successfully for exactly the proposition that FDCPA counter claims are not permissive.

As to Defendants arguments re: privity - they are also unavailing because under the transaction theory and or same interest, they have (as discussed in compulsory section immediately above) focused on the wrong nexus or connection. They may have the same interest in pursuing a proper collection claim but that is not the crux of an FDCPA claim.

Defendants have failed to meet the standards for claim or issue preclusion. This Court should deny Defendants' motion.

As to Mr. Zimmer's Vermont Consumer Protection Act claims herein for unfair and deceptive acts by all Defendants occurring both before and after Mr. Zimmer filed his pro se counter-claims, such pendant claims are not compulsory counter-claims. They do not arise from the same subject or nexus issues as the debt collection case and, in any case, were certainly not fully ripe at the time he filed his pro se counter-claims for they also continue to today.[10]  Any dismissal of his State Court FDCPA counter claims does not preclude VCPA claims hereunder.

Given that there is no overlap, that Plaintiff does not herein seek Federal Court review of a State Court's act, Defendants claims for preclusion are baseless and should be denied.

### All Defendants Herein Have Violated the FDCPA

### Public Policy of the FDCPA

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

---

[10] Plaintiff will be seeking leave to amend his complaint after the Supreme Court of the State of Vermont decides the appeal in the State Court matter.

consumers against debt collection abuses." 15 U.S.C. § 1692(e). Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiffs – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.") and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. 2008) ("In this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil  actions brought by others."). The FDCPA is a strict liability statute. Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2d Cir. 1993) ("The FDCPA is a strict liability statute . . . and the degree of a defendant's culpability may only be considered in computing damages...").

While merely filing a suit that debt-buyer subsequently loses does not, of itself, give rise to an FDCPA claim in federal court. *Kawczyk v Centurion Corp.* No. 06 C 6273, 20009 WL 395458, at \*9 (N.D. Ill. Feb. 18, 2009).  However, it is well-established that "[a] valid FDCPA claim exists if a defendant makes a false or misleading statement relating to the collection of  a debt whether the statement was made in a state court complaint or during the state court litigation." *St. John,* 2014 WL 3377354, at \*3. *Grant-Hall v. Cavalry Portfolio Serv., LLC,* 856 F.Supp 2d 929, 944 \*N.D. Ill 2012 (The filing of a legally defective debt collection suit can violate Section 1692e where the filing falsely implies that the debt collector has legal recourse to collect the debt.")  *See also, Riley v Portfolio Recovery Associates, et al.,* 2015 WL 1594298, Dist. Court, ND Illinois, 2015 ("Riley's claim is not based on the *outcome* of the State Court Action or any alleged violation...[it] is based on [debt-buyers'] false representations concerning the \$35,173.09 debt throughout the State Court Action.")

17

It is well-established that "[a] valid FDCPA claim exists if a defendant makes a false or misleading statement relating to the collection of the a debt whther the statement was made in a state court complaint or dring the state court litigation." *St. John*, 2014 WL 3377354, at *3. *Grant-Hall v. Cavalry Portfolio Serv., LLC*, 856 F.Supp 2d 929, 944 *N.D. Ill 2012 (The filing of a legally defective debt collection suit can violate Section 1692e where the filing falsely implies that the debt collector has legal recourse to collect the debt.") *See also, Riley v Portfolio Recovery Associates, et al.*, 2015 WL 1594298, Dist. Court, ND Illinois, 2015 ("Riley's claim is not based on the *outcome* of the State Court Action or any alleged violation…[it] is based on [debt-buyers'] fales representations concerning the $35,173.09 debt throughout the State Court Action.")

WHEREFORE, Mr. Zimmer prays that this Court dismiss Defendants' Motion to Dismiss.


Signed at Thetford Center, VT this 20th day of 2015



C. Creek Kelsey, Esq
Counsel for Plaintiff