IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| DANIEL ZIMMER,<br>　　　Plaintiff,<br><br>　　　v.<br><br>UNIFUND CCR PARTNERS,<br>UNIFUND CCR, LLC,<br>PILOT RECEIVABLES,<br>BAUER, GRAVEL, FARNUM, and<br>JOHN J. BALKUNAS JR.<br><br>　　　Defendant. | Docket No. 1:14-cv-234 |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

　　　Plaintiff Daniel Zimmer ("Mr. Zimmer") alleged the same claims and issues in his State Action Counterclaim that he now alleges in his Complaint.[1]  Specifically, in both pleadings, Mr. Zimmer alleged that Unifund CCR Partners violated the FDCPA by (1) misrepresenting the amount of the debt, (2) falsely assigning interest on the debt, (3) failing to provide validation of the debt, and (4) failing to remove the debt from Mr. Zimmer's credit report.  (*See* Counterclaim, Exhibit 5 to Motion to Dismiss; Complaint, ¶¶ 2, 26-28, 33-36, 37-41, claim for relief.)   The State Court already dismissed those claims <u>with prejudice</u>.  Mr. Zimmer cannot re-assert those claims here.  As set forth in Defendants' Motion to Dismiss, Mr. Zimmer's claims are all barred by the doctrines of *res judicata* and collateral estoppel.

　　　Mr. Zimmer raises the following five arguments in his Memorandum in Opposition:  (1) the Counterclaim and Complaint allege violations of the FDCPA occurring over different time periods with "no overlap," and the violations alleged in the Complaint had not occurred when Mr. Zimmer filed his Counterclaim (Opposition to Motion to Dismiss, pp. 1-2, 5-6, 14); (2) the

---

[1] The defined terms used in this Reply have the same meaning as in Defendants' Motion to Dismiss.

1

Counterclaim and Complaint allege different violative acts (*id.* at pp. 1-2, 5-7, 9-10, 14); (3) Mr. Zimmer never asserted any counterclaim against Unifund CCR Partners because Unifund CCR Partners was substituted for Unifund CCR, LLC after he filed his Counterclaim (*id.* at pp. 3-5, 12, 15-16); (4) Mr. Zimmer is entitled to file the present action in federal court because an FDCPA counterclaim is permissive, not compulsory (*id.* at pp. 15-16); and (5) Defendants violated the FDCPA (*id.* at pp. 16-17).  Each argument lacks merit.

        **1.**        **The Counterclaim and Complaint Both Allege Violations Occurring Over the Same Time Period.**

Mr. Zimmer argues that the Counterclaim and Complaint allege violations of the FDCPA occurring over a different time period with "no overlap," and the violations alleged in the Complaint had not occurred when Mr. Zimmer filed his Counterclaim.  (Opposition to Motion to Dismiss, pp. 1-2, 5-6, 14.)  Mr. Zimmer is mistaken.

Mr. Zimmer filed his Counterclaim on November 18, 2013.  (Exhibit 5 to Motion to Dismiss.)  In his present Complaint, every allegation made by Mr. Zimmer occurred prior to him filing that Counterclaim.  Mr. Zimmer specifically alleges the following:

- The State Action was filed November 11, 2013.  (Complaint, ¶ 10.)

- The November 11, 2013 State Court Complaint and the substantially identical Amended Complaint were false, deceptive or misleading.  (*Id.* at ¶¶ 16-28.)[2]

- The November 11, 2013 State Court Complaint and the substantially identical Amended Complaint sought attorney fees not allowed by law.  (*Id.* at ¶¶ 29-32.)

---

[2] Mr. Zimmer admits that the November 11, 2013 State Court Complaint is substantially identical to the Amended Complaint, with the only difference that Unifund CCR Partners is substituted for Unifund CCR, LLC as the real party in interest. (Complaint, ¶ 17;  *see also* Opposition to Motion to Dismiss, p. 7 ("The Original Complaint and the Amended Complaint are identical in all respects, except for the caption.")  In addition, in accordance with V.R.C.P. 15(c), the amendments relate back to the date of the original complaint. (Exhibit 3 to Motion to Dismiss at p. 2;  *see also* Entry granting in its entirety Motion to Amend Case Caption and Complaint.)

- The November 11, 2013 State Court Complaint and the substantially identical Amended Complaint sought to recover excessive or unlawful interest. (*Id.* at ¶¶ 33-36.)

- The July 8, 2013 letter from Unifund's counsel to to Mr. Zimmer did not provide the disclosure required by 15 U.S.C. § 1692g. (*Id.* at ¶¶ 37-41.)

**All** of these alleged violations occurred prior to Mr. Zimmer filing his Counterclaim. And most of the allegations in the present Complaint address the substance of Unifund CCR Partners' State Court collection complaint. Accordingly, and contrary to Mr. Zimmer's contention, the Counterclaim and Complaint both allege violations occurring over the same time period.

    **2.**    **The Counterclaim and Complaint Both Allege the Same Violative Acts and Are, In Any Event, Barred by *Res Judicata*.**

Mr. Zimmer argues that the Counterclaim and Complaint allege different violative acts (Memorandum in Opposition, pp. 1-2, 5-7, 9-10, 14.) However, Mr. Zimmer's argument relies on alleged facts that have not been pled and, regardless, his claims are barred by the doctrine of *res judicata.*

In both the Counterclaim and the present Complaint, Mr. Zimmer alleged that Unifund CCR Partners violated the FDCPA by (1) misrepresenting the amount of the debt, (2) falsely assigning interest on the debt, (3) failing to provide validation of the debt, and (4) failing to remove the debt from Mr. Zimmer's credit report. (*See* Counterclaim, Exhibit 5 to Motion to Dismiss; Complaint, ¶¶ 2, 26-28, 33-36, 37-41, claim for relief.) The fact that Mr. Zimmer provided additional details in the present Complaint does not change the fact that these are the same claims.

Even if he did allege different violative acts, however, his claims are nevertheless barred by the doctrine of *res judicata.* Where a prior action is dismissed with prejudice, *res judicata*

3

applies "not only as to the matters actually litigated in the previous action, 'but as to all relevant issues which could have been but were not raised and litigated in the suit.'" *Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986)); *see also Lamb v. Geovjian*, 683 A.2d 731, 734 (Vt. 1996) (internal quotations omitted). (internal quotations omitted) ("[R]es judicata bars parties from litigating claims or causes of action that were or should have been raised in previous litigation").

Here, the State Court trial commenced at 1:08 p.m. on November 3, 2014, at which time the State Court dismissed Mr. Zimmer's Counterclaim, with prejudice. (Exhibit 9 to Motion to Dismiss, p. 10.) That same day, at 2:42 p.m., Mr. Zimmer filed his Complaint with this Court. (Exhibit 10 to Motion to Dismiss.)  **Thus, all facts forming the basis of the Complaint necessarily occurred before the State Court dismissed Mr. Zimmer's Counterclaim. To the extent that the present Complaint sets forth additional allegations against Defendants that were not raised in the Counterclaim, Mr. Zimmer could and should have raised those allegations in the Counterclaim.**  Mr. Zimmer's Counterclaim was dismissed with prejudice and, therefore, the claims he could or should have raised are now barred by the doctrine of *res judicata.*

### 3. Mr. Zimmer Did Assert His Counterclaim Against Unifund CCR Partners.

Mr. Zimmer argues that he never asserted any counterclaim against Unifund CCR Partners because Unifund CCR Partners was substituted for Unifund CCR, LLC after he filed his Counterclaim. (Opposition to Motion to Dismiss, pp. 3-5, 12, 15-16.) Mr. Zimmer is mistaken about the facts of the State Action, and Mr. Zimmer is mistaken regarding the import of the Court's Entry granting Unifund CCR, LLC's Motion to Amend the Case Caption and Complaint.

4

First, as to the facts, Mr. Zimmer argues that the State Court granted Unifund CCR, LLC's Motion to Amend the Case Caption and Complaint at the time of trial, on November 3, 2014. (Opposition to Motion to Dismiss, p. 5.)  However, the State Court actually granted the Motion to Amend Case Caption and Complaint on January 6, 2014—about 10 months **earlier** than represented by Mr. Zimmer. (Exhibit 3 to Motion to Dismiss.)  At that time, Unifund CCR Partners was substituted for Unifund CCR, LLC as the real party in interest, and the matter was then prosecuted in the name of Unifund CCR Partners.

Mr. Zimmer's error as to the date of the order is important because the correct date of the order proves that, contrary to Mr. Zimmer's contention, Mr. Zimmer continued to prosecute his Counterclaim against Unifund CCR Partners.  On October 31, 2014, Mr. Zimmer filed a motion to dismiss his Counterclaim without prejudice.  (*See* Exhibit 8 to Motion to Dismiss.)   On November 3, 2014, the State Court dismissed his Counterclaim with prejudice.  As of January 6, 2014, only Unifund CCR Partners was a party plaintiff, not Unifund CCR, LLC.  If the Counterclaim was not pending against Unifund CCR Partners, then there would be no party against whom to file a motion to dismiss.  Therefore, Mr. Zimmer continued to prosecute his Counterclaim against Unifund CCR Partners after the State Court entered its order substituting the party plaintiff.

Second, Mr. Zimmer is mistaken regarding the import of the Court's Entry granting Unifund CCR, LLC's Motion to Amend the Case Caption and Complaint.  Unifund CCR, LLC stated three times in its Motion to Amend the Case Caption and Complaint that the Counterclaim would remain pending against the real party in interest, Unifund CCR Partners.  Unifund CCR, LLC stated, "The real plaintiff party in interest and current Plaintiff are both filing Answers to Defendant's counterclaim herewith with the understanding that the counterclaim was intended to

be filed against the real plaintiff party in interest (i.e., UNIFUND CCR PARTNERS) and will after substitution be as against solely UNIFUND CCR PARTNERS." (Exhibit 3 to Motion to Dismiss, pp. 1-2.)  Unifund CCR, LLC further stated, "There is no prejudice to the Defendant in this matter since the counterclaim will be as against the real plaintiff party in interest." (*Id.* at p. 2.)  Unifund CCR, LLC finally stated, "The proposed order only: (1) substitutes the real plaintiff party in interest, and (2) the Counterclaim is intended to remain solely as against said substituted real party in interest (i.e., UNIFUND CCR PARTNERS)." (*Id.*)

On January 6, 2014, the State Court granted Unifund CCR, LLC's Motion to Amend the Case Caption and Complaint in its entirety and substituted Unifund CCR Partners as the party plaintiff. (Exhibit 3 to Motion to Dismiss.)  Accordingly, and pursuant to the State Court's Order, Mr. Zimmer's Counterclaim remained pending against Unifund CCR Partners until the State Court dismissed it with prejudice on November 3, 2014.

The procedural posture of the Counterclaim is consistent with correspondence from Mr. Zimmer's counsel to the State Court Clerk dated May 5, 2014. (Exhibit 7 to Motion to Dismiss). Mr. Zimmer's counsel recognized that the State Court granted Mr. Zimmer "permission to file an Amended Answer and Amended Counter-Claims." (*Id.*)  Mr. Zimmer's counsel stated that he would not be filing an amended counterclaim because the facts alleged in the Counterclaim were "sufficient to put Plaintiff on notice, and to which Plaintiff has filed a responsive pleading." (*Id.*)  As of that date, the only "Plaintiff" was Unifund CCR Partners.  Thus, Mr. Zimmer recognized that the Counterclaim was pending against Unifund CCR Partners, and Unifund CCR Partners already filed a responsive pleading.  Mr. Zimmer now argues that he did not amend his Counterclaim because, with Unifund CCR, LLC no longer a party, there was "nothing to amend." (Opposition to Motion to Dismiss, p. 15.)  However, as reflected in the May 5, 2014

6

letter from Mr. Zimmer's counsel, Mr. Zimmer actually chose not to amend his Counterclaim solely because Unifund CCR Partners was already on notice of the Counterclaim pending against it.

### 4. Defendants Do Not Dispute that FDCPA Counterclaims Are Permissive, Not Compulsory.

Mr. Zimmer argues that he is entitled to file the present action in federal court because an FDCPA counterclaim is permissive, not compulsory. (Opposition to Motion to Dismiss, pp. 15-16.) Mr. Zimmer's argument misses the point.

Defendants do not dispute that FDCPA counterclaims are permissive, not compulsory, counterclaims. Defendants never argued otherwise. However, the permissive nature of FDCPA counterclaims is irrelevant to determining whether the present action is barred by the doctrines of *res judicata* or collateral estoppel. The point is, Mr. Zimmer chose to bring his FDCPA claim as a counterclaim in the State Action, and it was then dismissed with prejudice. He cannot file the same claim here.

### 5. Mr. Zimmer's Remaining Argument Is Not Responsive to Defendants' Motion to Dismiss.

Mr. Zimmer argues that Defendants violated the FDCPA. (Opposition to Motion to Dismiss, pp. 16-17.) Defendants dispute these allegations. Regardless, Mr. Zimmer's argument is not responsive to Defendants' motion to dismiss, arguing his claims are barred by the doctrines of *res judicata* and collateral estoppel. Accordingly, the Court should disregard Mr. Zimmer's argument.

For the foregoing reasons, the Court should dismiss Mr. Zimmer's Complaint with prejudice.

DATED at Burlington, Vermont, this 7th day of August, 2015.

Respectfully submitted,

*/s/ Nicole A. Killoran, Esq.*_____
Nicole A. Killoran, Esq.
Bauer Gravel Farnham, Attorneys at Law
401 Water Tower Circle, Suite 101
Colchester, VT 05446
Telephone: 802.863.5538
Facsimile: 802.864.7779
E-mail: nkilloran@vtlawoffices.com

Alan H. Abes, Esq.
Elizabeth M. Shaffer, Esq.
Dinsmore & Shohl LLP
255 E. 5th St., Suite 1900
Cincinnati, OH 45202
Telephone:  513.977.8128
Facsimile:  513.977.8141
E-mail:  alan.abes@dinsmore.com
E-mail:  elizabeth.shaffer@dinsmore.com

**Attorneys for Defendants**