UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JAN 20 PM 4:00

CLERK

BY _____
DEPUTY CLERK

DANIEL ZIMMER,                          )
                                        )
    Plaintiff,                          )
                                        )
    v.                                  )     Case No. 5:14-cv-00234
                                        )
UNIFUND CCR PARTNERS, UNIFUND           )
CCR, LLC, PILOT RECEIVABLES             )
MANAGEMENT, LLC, BAUER,                 )
GRAVEL, FARNUM, and JOHN J.             )
BALKUNAS, JR.,                          )
                                        )
    Defendants.                         )

**OPINION AND ORDER RE:**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**(Doc. 5)**

Plaintiff Daniel Zimmer alleges that the defendants violated the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the Vermont Consumer Protection Act, 9

V.S.A. § 2451 ("VCPA")[1] by using false, deceptive, misleading, and unconscionable means to

collect a debt and by failure to validate said debt.  Pending before the court is the defendants'

Motion to Dismiss.  (Doc. 5.)  At oral argument the Motion to Dismiss was converted to a

Motion for Summary Judgment.  The defendants' Motion for Summary Judgment (Doc. 5) is

GRANTED as to Unifund CCR Partners, ("UCP"), Unifund CCR, LLC, ("UCL") and Pilot

Receivables Management, LLC ("Pilot") and DENIED as to Bauer Gravel Farnham (incorrectly

sued as Bauer, Gravel, Farnum), and John J. Balkunas, Jr.

I.      **Background**

On November 3, 2013, UCL served Mr. Zimmer with a summons and complaint that it

had filed in Vermont Superior Court.  (Docs. 5-1, 5-2.)  The state court complaint sought to

_____

[1] Mr. Zimmer's Complaint refers to the Vermont Consumer Fraud Act, but this statute is now
called the Vermont Consumer Protection Act.

collect the balance of a Citibank, NA ("Citibank") credit card account that had gone into default, with interest, for which UCL alleged Mr. Zimmer was responsible.  The law firm of Bauer Gravel Farnham was hired to collect the debt from Mr. Zimmer, and John J. Balkunas, Jr., an attorney with the firm, filed the Complaint.

On November 18, 2013, Mr. Zimmer, appearing *pro se*, answered the state court complaint, denying its allegations.  He simultaneously filed counterclaims in which he asserted that UCL had violated the FDCPA by (1) never contacting him directly about the debt, (2) misrepresenting the amount of the debt, (3) falsely assigning interest on the debt, (4) failing to provide validation of the debt, (5) failing to remove the debt from Mr. Zimmer's credit report, and (6) damaging his credit score and adversely affecting his ability to obtain credit.  (Doc. 5-5.)

Subsequently, on December 6, 2013, UCL filed motions to amend the case caption and for leave to amend the state court complaint, contending that UCP was the real party in interest.  (Doc. 5-3.)  That same day, UCL and UCP filed separate answers to Mr. Zimmer's counterclaims, denying all of the allegations.  (Doc. 5-6.)  The motions to amend were subsequently granted.  (Doc. 5-3 at 3.)  UCP was represented by Attorney Balkunas after replacing UCL as the party in interest.

In May, 2014, Mr. Zimmer, no longer appearing *pro se*, filed an Amended Answer through his counsel, C. Creek Kelsey.  Alongside Mr. Zimmer's Answer, Attorney Kelsey attached a letter to the Vermont Superior Court Clerk stating that Mr. Zimmer had "not substantively changed any of the responses from his original Answer to Plaintiff's Original Complaint.  He has only herein added responsive and specific factual details necessary given Plaintiff's caption/real-party-in-interest Amendments to its original complaint, [and] affirmative defenses . . . ."  (Doc. 5-7 at 1.)  In her letter, Attorney Kelsey also advised the state court that Mr. Zimmer would not be amending his counterclaims at that time.  (*Id.*)

The parties engaged in discovery and trial was set for November 3, 2014.  On October 31, 2014, Mr. Zimmer filed a voluntary motion to dismiss his counterclaims without prejudice.  (Doc. 5-8.)  On the first day of trial the state court informed Attorney Kelsey that dismissal without prejudice was "not one of [Mr. Zimmer's] options" and that it would only dismiss his counterclaims *with prejudice*.  (Doc. 5-9 at 7-9.)  Attorney Kelsey agreed to this result.  (*Id.* at 9.)

The state court noted on the record that it was dismissing Mr. Zimmer's counterclaims with prejudice before proceeding to trial on UCP's claims.[2]  (*Id.*)

Later the same day, Mr. Zimmer filed his Complaint in the present action, alleging that the defendants had violated the FDCPA as well as the VCPA.  (Doc. 1.)

At oral argument on December 9, 2015, the court advised the parties that it intended to convert the defendants' Motion to Dismiss to one for summary judgment given its acceptance and consideration of materials outside the pleadings, pursuant to Fed. R. Civ. P. 12(d).  *See Myrieckes v. Woods*, No. 08 Civ. 4297(GBD)(THK), 2010 WL 4903621, at *3 (S.D.N.Y. Dec. 1, 2010).  All parties agreed and both Mr. Zimmer and the defendants were given additional time to present additional materials.  Post-hearing memoranda were filed and the defendants' motion was taken under advisement on January 8, 2016.

## II.   Analysis

The defendants argue that the present action asserts the same claims that were dismissed with prejudice in state court, and therefore is barred by *res judicata* (claim preclusion) and collateral estoppel (issue preclusion).  Mr. Zimmer argues that there is no overlap between his state court counterclaims and the present action "as to dates of violations, acts of violation, and actors who violated. . . ." (Doc. 23 at 1.)

### A.   Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A party asserting that a fact is genuinely disputed must cite to "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1).  "If the party moving for summary judgment demonstrates the

---

[2] The state court subsequently denied UCP's claim for recovery and granted judgment in favor of Mr. Zimmer. *See Unifund CCR, LLC v. Zimmer*, No. 514-11-13 Wmcv., 2015 WL 412857 (Vt. Super. Ct. Jan. 29, 2015).  Thereafter, it denied UCP's Motion for Reconsideration. *See Unifund CCR, LLC v. Zimmer*, No. 514-11-13 Wmcv., 2015 WL 1180816 (Vt. Super. Ct. Feb. 12, 2015).

absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 173-74 (2d Cir. 2012) (citation omitted).

The burden is on the moving party to show that it is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The non-moving party receives the benefit of favorable inferences drawn from the underlying facts. *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). However, allegations that are "conclusory and unsupported by evidence of any weight" are insufficient for the non-moving party to withstand a motion for summary judgment. *Smith v. Am. Express Co.*, 853 F.2d 151, 154-55 (2d Cir. 1988).

### B.    *Res Judicata*

"In considering the preclusive effect of a state court judgment on a subsequent federal action, under the Full Faith and Credit Act, 28 U.S.C. § 1738, we usually consult the preclusion laws of the state in which the judgment was issued." *Nestor v. Pratt & Whitney*, 466 F.3d 65, 71 (2d Cir. 2006). Under Vermont law, "[r]es judicata bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Lamb v. Geovjian*, 165 Vt. 375, 379, 683 A.2d 731, 734 (1996) (internal quotation marks and citation omitted). *Res judicata* "will preclude a claim from being litigated if (1) a previous final judgment on[] the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been or could have been fully litigated in the prior proceeding." *Iannarone v. Limoggio*, 2011 VT 91, ¶ 15, 190 Vt. 272, 30 A.3d 655 (internal quotation marks and citation omitted).

All three elements of *res judicata* are met with regards to UCP, UCL, and Pilot, as there exists a final judgment on the merits in former litigation in which the subject matter, causes of action, and parties, or parties in privity, were substantially identical.

4

### a.    Same Transaction or Occurrence

The dismissal of Mr. Zimmer's counterclaims represents a final judgment on the merits in former litigation, as "[a] dismissal with prejudice is treated as an adjudication on the merits." *Littlefield v. Town of Colchester*, 150 Vt. 249, 251, 552 A.2d 785, 786 (1988); *see Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991) ("dismissal with prejudice has the effect of a final adjudication on the merits . . . and bars future suits brought . . . upon the same cause of action" (citation omitted)).

In determining what constitutes the same cause of action, Vermont has adopted the approach embodied in the Restatement (Second) of Judgments. *See Faulkner v. Caledonia Cty. Fair Ass'n*, 2004 VT 123, ¶¶ 12-15, 178 Vt. 51, 869 A.2d 103. The Restatement requires "a plaintiff to address in one lawsuit all injuries emanating from 'all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Id.* at ¶ 12 (quoting Restatement (Second) of Judgments § 24(1) (1982)). "[T]he scope of a 'transaction' is determined by 'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at ¶ 13 (quoting Restatement (Second) § 24(2)). "[E]ven when there is not a substantial overlap . . . the second action may be precluded if it stems from the same transaction." *Id.* (quoting Restatement (Second) § 24 cmt. c)

Despite his contentions to the contrary, it is clear that Mr. Zimmer's FDCPA claims in the present action arise from the same transaction as his counterclaims. The subject matter of both actions is identical, springing from the exact same origin: the defendants' attempt to collect the balance of a single credit card. The claims in the two actions are also substantially identical, evidenced in part by the fact that Mr. Zimmer's Complaint expressly relates each of his present claims to the state action. For example, he alleges in his federal case that the defendants violated the FDCPA by filing a state court complaint that was "[f]alse, [d]eceptive [o]r [m]isleading." (Doc. 1 at 1-6). He also argues that the defendants violated the FDCPA by seeking recovery of excessive/unlawful interest and attorney's fees in the state court complaint. (*See id.* at 1-2, 6-7.)

Mr. Zimmer's Complaint provides additional details, but the facts supporting both claims are the same. *See Bain v. Hofmann*, 2010 VT 18, ¶ 11, 187 Vt. 605, 993 A.2d 432 (mem.) (claims barred by *res judicata* where "[a]ll of plaintiff's claims rest on the same facts . . . despite plaintiff's attempt to couch them differently). Additionally, the dates for the alleged transgressions in the present action all overlap the dates at issue in the prior suit. Mr. Zimmer's Complaint seeks FDCPA relief based upon allegations and representations depicted in the state court litigation documents themselves.[3] As Mr. Zimmer's counterclaims were dismissed on the same day that he filed his Complaint in the present action, all facts forming the basis of his current suit necessarily occurred while the state action was still pending. Accordingly, either by amending his state court counterclaims or asserting new ones, Mr. Zimmer could have raised all of his present FDCPA allegations in that action. *See Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (*res judicata* applies "to all relevant issues which could have been but were not raised and litigated in the [former] suit" (quoting *Heiser v. Woodruff*, 327 U.S. 726, 735 (1946))) . As "[t]he facts underlying both cases are inextricably 'related in time, space, origin, or motivation,'" *Faulkner*, 2004 VT 123, at ¶ 15 (quoting Restatement (Second) § 24(2)), Mr. Zimmer's present FDCPA claims arise out of the same transaction as did his counterclaims.[4]

While Mr. Zimmer did not assert a violation of the VCPA in the state action, he nevertheless bases his current VCPA claims on the same conduct that formed the basis for his counterclaims. As mentioned above, a dismissal with prejudice "constitutes a final judgment with the preclusive effect of *res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit."

---

[3] At oral argument, Attorney Kelsey made clear that given the FDCPA's one year statute of limitations, Mr. Zimmer's present FDCPA claims are limited to acts that occurred between November 3, 2014 (the date on which Mr. Zimmer filed his Complaint in the present action), and November 3, 2013.

[4] Mr. Zimmer also argues that he is entitled to bring the present action because FDCPA counterclaims are permissive, not compulsory. (Doc. 23 at 15-16.) The permissive nature of FDCPA counterclaims is irrelevant to the court's assessment of whether the present action is barred by *res judicata*. While Mr. Zimmer was never compelled to file FDCPA counterclaims, having *chosen* to do so, he cannot re-file the same claims in a different action. *See Rabo Agrifinance, Inc. v. Terra XXI Ltd.*, No. 2:06-CV-153-J, 2007 WL 2446278, at *8 (N.D. Tex. Aug. 29, 2007) ("if the defendant does raise a [permissive] counterclaim, putting himself in the posture of a plaintiff, *res judicata* will bar him in a future case from bringing claims that arose from the same subject matter as the counterclaim").

*Nemaizer*, 793 F.2d at 60-61 (internal quotation marks and citation omitted); *see Samuels*, 942 F.2d at 837 (voluntary dismissal with prejudice is "risky choice if future litigation was contemplated, since it would wipe out all claims that *could* have been asserted in the dismissed suit"). Accordingly, his VCPA claims are also subject to the court's *res judicata* analysis.

### b.   Same Parties

Mr. Zimmer argues that even if his claims are barred by *res judicata*, he should not be barred from seeking relief against UCP, Pilot, Bauer Gravel Farnham, and Attorney Balkunas because his counterclaims were alleged only against UCL.

However, Mr. Zimmer also expressly alleged his counterclaims against UCP in the state action. UCL's motions to amend noted three times that Mr. Zimmer's counterclaims would remain pending against UCP. (Doc. 5-3.) On January 6, 2014, when the state court entered its order granting these motions, UCP became the real and only party in interest. As per Rule 15 of the Vermont Rules of Civil Procedure, the substitution of UCP for UCL related back to the date of the original state court complaint.

The effect of the amendment appears to have been clear to Mr. Zimmer. He filed an Amended Answer that incorporated the amended case caption, thereby acknowledging that UCL had been removed from the case and that UCP had been substituted as the plaintiff. (Doc. 5-7 at 2.) Attorney Kelsey's letter even acknowledged that the party in interest had been amended and advised that Mr. Zimmer would nevertheless not be amending his counterclaims as he had "already set forth all facts known to him as of this date relevant to counter-claims and []sufficient to put Plaintiff on notice, and to which Plaintiff has filed a responsive pleading." (*Id.* at 1.) At that point in time, UCP was the only plaintiff in the case and was therefore the only plaintiff Attorney Kelsey could have been referencing when discussing notice and responsive pleadings.

Moreover, Mr. Zimmer filed his Motion to Dismiss Counterclaims on October 31, 2014, which was nearly ten months after UCP had become the sole plaintiff in the case. If Mr. Zimmer did not believe his counterclaims were pending against UCP, there would be no party against whom to file a motion to dismiss. Therefore, as the counterclaims were alleged against both UCL originally and UCP after the party in interest was amended, Mr. Zimmer's claims are barred against both entities in the present case.

Mr. Zimmer's claims are also barred against Pilot, a party in privity with UCL and UCP for the purposes of *res judicata*. "A privity relationship generally involves a party so identified in interest with the other party that they represent one single legal right." *Lamb*, 165 Vt. at 380, 683 A.2d at 735; *see First Wis. Mortg. Tr. v. Wyman's, Inc.*, 139 Vt. 350, 358-59, 428 A.2d 1119, 1124 (1981) ("The test for privity, for the purposes of *res judicata*, is whether the parties have really and substantially the same interest in the property in issue."). Here, Pilot and UCP shared an interest in collecting the outstanding balance of the credit card account. Pilot purchased the account in question from Citibank and assigned its collection rights to UCL, which, on the same date, assigned its collection rights to UCP. (Doc. 5-1 at 13-15.) Therefore, UCP's authority to collect the debt derived exclusively from Pilot's assignment of its rights to collect to UCL. Not only did UCP inherit an interest in the credit card account from Pilot's assignment to UCL, but Pilot, retaining equitable title to the account, had a right to a share of the proceeds collected by UCP by virtue of its assignment. *See Johnson v. Chase Manhattan Mortg. Corp.*, Civil No. 04-344 (EGS), 2006 WL 2506598, at *4 (D.C.C. Aug. 28, 2006) (assignor of loan "is in privity with an assignee"); *Vargas v. Countrywide Home Loans, Inc.*, No. 12 Civ. 6857(KBF), 2013 WL 5881543, at *3 (S.D.N.Y. Nov. 1, 2013) (for purposes of *res judicata*, assignor of mortgage is in privity with assignee). Accordingly, for *res judicata purposes*, Pilot was in privity with UCL and UCP such that Mr. Zimmer's claims against this entity are also barred.

However, Mr. Zimmer's claims are not barred by *res judicata* against Bauer Gravel Farnham and Attorney Balkunas, as neither entities were parties to the state action nor in privity with the entities that were. While a legal team may share certain goals with a creditor in collecting a debt, it does not possess the same interest in the property at issue. *See Balk v. Fererstein & Smith, LLP*, No. 09CV249A, 2011 WL 1560984, at *5 (W.D.N.Y. Feb. 18, 2011) (report and recommendation adopted by *Balk v. Feuerstein & Smith, LLP*, No. 09-CV-249A, 2011 WL 1557948 (W.D.N.Y. Apr. 25, 2011)) (lawyer not in privity with creditor as creditor's interest is collecting debt and lawyer's interest is providing legal representation); *Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796, 809 (N.D. Cal. 2008) (while law firm and attorney hired to collect debt "shared certain goals" with creditor, the parties "did not share an identity of interest" and were not in privity). The doctrine of *res judicata* does not apply to the claims against Bauer Gravel Farnham and Attorney Balkunas.

### C.    Collateral Estoppel

The defendants also claim that collateral estoppel, or issue preclusion, bars Mr. Zimmer's present claims.  Given that all of Mr. Zimmer's claims against UCP, UCL, and Pilot are barred by *res judicata*, the court need not consider this argument with respect to those parties.  The court will briefly consider whether collateral estoppel applies to Mr. Zimmer's FDCPA and VCPA claims against Bauer Gravel Farnham and Attorney Balkunas.

The doctrine of collateral estoppel is "more narrow in scope" than *res judicata*.  *See In re Tariff Filing of Cent. Vt. Pub. Serv. Corp.*, 172 Vt. 14, 20, 769 A.2d 668, 673 (2001).  In Vermont, collateral estoppel precludes a party from re-litigating the same issue in a subsequent action if: "(1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair." *Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265, 583 A.2d 583, 587 (1990).

"Issue preclusion bars the subsequent relitigation of an issue that was *actually litigated and decided* in a prior case where that issue was necessary to the resolution of the dispute." *In re T.C.*, 2007 VT 115, ¶ 20, 182 Vt. 467, 940 A.2d 706 (internal quotation marks and citation omitted and emphasis added).  Accordingly, collateral estoppel does not bar Mr. Zimmer's FDCPA or VCPA claims as to Bauer Gravel Farnham and Attorney Balkunas, as these issues were not actually litigated and decided in the state action.  *See Schenk v. Mine Mgmt. Co., Inc.*, No. 89-CV-97, 1997 WL 31400, at *7 (N.D.N.Y. Jan. 23, 1997) ("[B]ecause the voluntary order of dismissal in [the prior litigation], by its very nature, was not accompanied by findings of fact or conclusions of law, it cannot have preclusive effect, under the doctrine of collateral estoppel, on this successive action").

### III.     Conclusion

For the reasons stated above, the Motion for Summary Judgment is GRANTED as to UCP, UCL, and Pilot, and DENIED as to Bauer Gravel Farnham and Attorney Balkunas.

Dated at Rutland, in the District of Vermont, this 20th day of January, 2016.

Geoffrey W. Crawford, Judge
United States District Court